NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OFFICE DEPOT, INC., Plaintiff-Appellant, v. AIG SPECIALTY INSURANCE COMPANY, FKA American International Specialty Lines Insurance Company, Defendant-Appellee. | No.  17-55125 D.C. No. 2:15-cv-02416-SVW-JPR MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted May 16, 2018
Pasadena, California

Before:  WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Office Depot, Inc. appeals from the district court's judgment against AIG

Specialty Insurance Company ("AIG").  Office Depot alleged breach of contract

arising from AIG's failure to indemnify and defend an underlying lawsuit brought

under the California False Claims Act ("CFCA").  As the parties are familiar with

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the facts, we do not recount them here.  We reverse and remand.

The district court erred in holding that California Insurance Code section 533 precludes insurance coverage of CFCA claims as a matter of law.  Section 533 bars indemnification of "willful" wrongful conduct.  *See* Cal. Ins. Code § 533 ("An insurer is not liable for a loss caused by the wilful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others."). However, the CFCA requires only "reckless[ness]" regarding the truth or falsity of the information in the claim, and does not require "[p]roof of specific intent to defraud." Cal. Gov't Code § 12650(b)(3).  Therefore, CFCA claims do not necessarily involve the "willful" conduct required for preclusion under section 533. *See Unified W. Grocers, Inc. v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1111-12 (9th Cir. 2006) (noting that preclusion under section 533 "requires more than . . . recklessness" (citation omitted)).  We are unpersuaded by the district court's reasoning that CFCA liability also requires the "intent to induce reliance."

"Because section 533 is considered under California [law] to be an exclusionary clause, the insurer has the burden of proving that the requested claims are matters uninsurable under the law." *Id.* at 1111 (citation and internal quotation marks omitted).  AIG has failed to meet that burden here with respect to the CFCA claims.  As a result, the district court erred in dismissing Office Depot's duty-to-indemnify claims and granting summary judgment on Office Depot's duty-to-

defend claims.

We leave for the district court to consider in the first instance AIG's alternative arguments based on the scope of coverage and exclusions in the insurance policies.

**REVERSED AND REMANDED**.